**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:24-cv-01612-VMC |
| BLUE WATER CAPITAL LLC d/b/a FLEETSMARTS, | : : : | |
| Defendant. | : : | |

**Defendant's Motion to Dismiss or, in the Alternative, Motion to Bifurcate, and Memorandum of Law in Support**

Plaintiff's claim against Blue Water Capital LLC (d/b/a Fleetsmarts, "Fleetsmarts") under the Telephone Consumer Protection Act (TCPA) must be dismissed for two reasons. First, this Court lacks personal jurisdiction over Fleetsmarts. The only alleged contacts Fleetsmarts had with Georgia are two phone calls and three text messages that Fleetsmarts allegedly sent from out of state to Plaintiff. Eleventh Circuit precedent applying Georgia's long-arm statute holds that such contacts are insufficient to establish personal jurisdiction over a defendant.

Second, Plaintiff fails to state a claim under the TCPA because Plaintiff's own government filings demonstrate that he publicly held out his telephone number as a *business* line for his own trucking business. The TCPA's Do-Not-Call

list only applies to residential numbers, yet Plaintiff's own public filings with the U.S. Department of Transportation (of which this Court may take judicial notice) show that his number is used for business. Accordingly, Plaintiff's claim should be dismissed.

If Plaintiff's claim is not dismissed, then discovery should be bifurcated, so that the parties first exchange discovery on the narrow, case-dispositive question of whether Plaintiff's telephone number is a business or residential number. As Judge Steve C. Jones held in a recent TCPA case, bifurcating discovery can "promote the efficient resolution of this matter" and "allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Plaintiff." *Newell v. Aliera Healthcare, Inc.*, No. 1:19-CV-01489-SCJ, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (Jones, J.). Multiple courts have adopted this approach on the exact issue present in this case: whether a TCPA plaintiff's telephone number is a residential or business number.

## I.    Facts and Procedural History

### a. Fleetsmarts, a Utah-based company, sends three text messages and makes two phone calls to Plaintiff, but otherwise has no contacts with Georgia.

Fleetsmarts is a trucking-service business that offers free fuel planning, load tracking, factoring, insurance, equipment financing, and more for long haul trucking truck drivers. Declaration of Mike Rawlins ¶ 3 (attached hereto as Ex. 1). Among its services is a fuel-discount membership program offered to truck drivers

2

and trucking companies. *Id.* Fleetsmarts markets its services to truck drivers and trucking companies through various means, including telephone calls and text messages. *Id.* ¶ 14. However, no agent of Fleetsmarts ever contacted, or attempted to contact, Plaintiff by telephone or text message while located within the State of Georgia. *Id.* Rather, any such communications would have originated from Utah. *Id.*

Fleetsmarts is a limited liability company organized in the State of Utah that maintains its principal place of business in Salt Lake City, Utah. *Id.* ¶ 4. Fleetsmarts has never filed for a Certificate of Authority to do business in the State of Georgia and does not maintain a registered agent for service of process in the State of Georgia. *Id.* ¶¶ 7-8. Fleetsmarts does not have offices, bank accounts, telephone listings, or other assets in the State of Georgia and does not have any director, officer, employee, agent, or local resident assigned to duty in the State of Georgia. *Id.* ¶¶ 9-10. Fleetsmarts does not own or lease any real or personal property in the State of Georgia. *Id.* ¶ 11. Fleetsmarts does not have any parent or subsidiary that is registered to do business, or maintains an office, in the State of Georgia. *Id.* ¶ 12. Fleetsmarts is not a member, investor, or partner in any entity that is a resident of the State of Georgia. *Id.* ¶ 13. Fleetsmarts is a wholly owned subsidiary of Rawlins Ventures, Inc. ("RVI"). *Id.* ¶ 5. RVI is a corporation organized in the State of Utah that maintains its principal place of business in Salt

Lake City, Utah. *Id.* ¶ 6. Fleetsmarts does not conduct or transact any business in the State of Georgia and is not engaged in any persistent course of conduct in that state. *Id.* ¶ 15.

Plaintiff's Complaint alleges that "[t]he Court has personal jurisdiction over Defendant because they sent telemarketing calls into this District." Compl. ¶ 9. More specifically, the Complaint alleges that Fleetsmarts sent three text messages and made two phone calls to the Plaintiff. *Id.* ¶¶ 21-22, 24. The Complaint alleges no other facts in support of its allegation that personal jurisdiction exists over Fleetsmarts. *See id.*

**b. Plaintiff lists his Number as the telephone number for his interstate trucking business in a filing with the U.S. Department of Transportation.**

On March 26, 2023, Plaintiff filed articles of organization for Joture LLC, a trucking company, with the Georgia Secretary of State, listing Plaintiff as the organizer and registered agent. Certificate of Organization and Articles of Organization for Joture LLC (attached hereto as Ex. 2) at 2. On January 4, 2024, Plaintiff registered Joture LLC as an interstate trucking carrier with the U.S. Department of Transportation, as shown on the department's website:

4



5/17/24, 12:20 PM                                    Safety Measurement System - Overview (U.S. DOT# 4173849)

**SMS** Safety Measurement System

## Carrier Registration (as of 4/26/2024, updated monthly)

**CARRIER REGISTRATION INFORMATION (MCS-150 DATE: 01/04/2024)**

| | |
|---|---|
| Legal Name: JOTURE LLC | Vehicle Miles Traveled: 1 |
| DBA Name: | VMT Year: 2022 |
| U.S. DOT#: 4173849 | Power Units: 1 |
| Address: 1617 BROOK VIEW AVE | DUNS Number: 13-024-5023 |
| ATLANTA, GA 30340 | Drivers: 1 |
| Telephone: (470) 283-0942 | Carrier Operation: Interstate |
| Fax: | Passenger: No |
| Email: JFBOND.JB@GMAIL.COM | HM: No |
| | HHG: No |
| | New Entrant: No |

Carrier Registration Information for Joture LLC (attached hereto as Ex. 3) at 1. The U.S. Department of Transportation's website only shows current registration data for carriers registered with the agency, and the current telephone number registered with the company is 470-283-0942. *Id.* However, third-party websites (like BrokerSnapshot.com) regularly scrape and store data from the U.S. Department of Transportation website. Records on Broker Snapshot show that the telephone number previously registered with Joture LLC was (252) 509-1282 (as seen in the bottom right hand corner of the below screenshot), the same Number described in the Complaint:



Broker Snapshot for Joture LLC as of February 9, 2024 (attached hereto as Ex. 4) at 1; Compl. ¶ 18 (identifying number as "(XXX)-509-XXXX"). On February 15, 2024, just two months before this Complaint was filed, the telephone number registered for Joture LLC was changed:

## CONTACTS

| | |
|---|---|
| Physical Address | 1617 BROOK VIEW AVE, ATLANTA, GA, 30340 |
| Mailing Address | – NEW |
| Phone | (470) 283-0942 NEW |
| Cell | — |
| Contact Name | JOSEPH BOND |
| Fax | — |
| Email | jfbond.jb@gmail.com |

Broker Snapshot for Joture LLC as of February 15, 2024 (attached hereto as Ex. 5) at 2. Moreover, archived copies of the website www.joture.com show that the telephone number listed on that website as of February 14, 2022 was (252) 509-1282 (as shown in the upper right hand corner of the below screenshot):



Wayback Machine for www.joture.com as of February 14, 2022 (attached hereto as Ex. 6).[1]

---

[1] In addition to registering this number with the U.S. Department of Transportation and including it on the www.joture.com website, Plaintiff has disclosed his full Number in a publicly filed subpoena in another TCPA lawsuit that

**c. Plaintiff files suit, claiming he was called on his "residential" number but failing to mention he registered that number for his trucking business with the U.S. Department of Transportation.**

Plaintiff alleges that on January 20, 2024, January 28, 2024, and February 1, 2024, he received text messages at his Number from Fleetsmarts about its fuel discount membership program. Compl. ¶¶ 18, 21-22. Plaintiff further alleges that on February 26, 2024 and February 27, 2024, he received telephone calls on his Number from Fleetsmarts. *Id.* ¶ 24.

Plaintiff alleges that his Number is used for residential purposes and for personal, non-business calls only. *Id.* ¶¶ 19-20. The Complaint does not mention that Plaintiff registered his Number with the U.S. Department of Transportation as the telephone number for Plaintiff's trucking business. *See id.*

Plaintiff brings a single claim against Fleetsmarts, alleging violation of the TCPA by making telemarketing calls. Compl. ¶ 44. Plaintiff also seeks to represent a class of similarly situated persons and entities. *Id.* ¶ 31.

## II.     Standard of Review

### a. Rule 12(b)(2) – Lack of personal jurisdiction

"A plaintiff's complaint is subject to dismissal if there is a lack of personal jurisdiction over the defendant." *Saunders v. Saunders*, No. 1:21-CV-01594-VMC,

---

Plaintiff has filed. *See* Subpoena, *Bond v. Allstate Ins. Co.*, No. 1:24-mc-00225-UNA, ECF No. 1-3 at 3-4 (D. Del.) (attached hereto as Ex. 7).

2023 WL 2372057, at *1 (N.D. Ga. Jan. 31, 2023) (Calvert, J.) (citing Fed. R. Civ. P. 12(b)(2)). "Plaintiff bears the burden of establishing jurisdiction in this Court." *Id.* (citing *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). However, "[i]f the defendant challenges jurisdiction and supports the challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction." *L. Offs. of Shimshon Wexler, P.C. v. AICOM Sols. LLC,* No. 1:17-CV-1084-MHC, 2017 WL 5047903, at *2 (N.D. Ga. Oct. 30, 2017) (Cohen, J.) (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)).

### b. Rule 12(b)(6) – Failure to state a claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *S. Ass'n of Colleges & Sch. Comm'n on Colleges, Inc. v. Bennett Coll.*, No. 1:21-CV-03060-VMC, 2022 WL 5241217, at *3 (N.D. Ga. Sept. 23, 2022) (Calvert, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *aff'd,* No. 22-13289, 2023 WL 2231773 (11th Cir. Feb. 27, 2023).

In deciding a Rule 12(b)(6) motion to dismiss, "a district court may take judicial notice of matters of public record . . . ." *Tucker v. United States*, No. 1:16-CV-2791-MHC, 2017 WL 5494086, at *2 (N.D. Ga. Mar. 14, 2017) (Cohen, J.) (taking judicial notice of letter from U.S. Department of Veterans Affairs in

9

granting 12(b)(6) motion to dismiss), *aff'd,* 724 F. App'x 754 (11th Cir. 2018). "It is established law that a court may take judicial notice of government websites." *Patrick v. Poree*, No. 1:22-CV-04236-VMC, 2022 WL 18938280, at *1 n.1 (N.D. Ga. Dec. 7, 2022) (Calvert, J.) (collecting cases); *see also Stout v. Med-Trans Corp.*, 313 F. Supp. 3d 1289, 1296 n.2 (N.D. Fla. 2018) (granting motion to dismiss after taking judicial notice of "Air Carrier Certificate" issued to defendant that was available on the Federal Aviation Administration (FAA)'s website); *In re LTL Shipping Servs. Antitrust Litig.*, No. 1:08-MD-01895-WSD, 2009 WL 323219, at *7 (N.D. Ga. Jan. 28, 2009) (granting motion to dismiss after taking judicial notice of information "drawn from a United States Government agency source, the accuracy of which cannot reasonably be questioned").

Further, "the overwhelming number of courts that have decided the issue" have "take[n] judicial notice of the contents of WayBack Machine evidence [a website that maintains archived copies of historical webpages] because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (quoting Fed. R. Evid. 201(b)(2)); *see also S. Ass'n of Colleges & Sch. Comm'n on Colleges, Inc.*, 2022 WL 5241217, at *3 n.2 (taking judicial notice of documents available on website of plaintiff).

### III.    Argument

a.  **There is no personal jurisdiction over Fleetsmarts based solely on phone calls and text messages Fleetsmarts sent from out of state to the Plaintiff in Georgia.**

"For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that—when a defendant uses the telephone . . . to contact a Georgia resident—defendant's conduct occurs at the place where defendant speaks into the telephone . . . ." *L. Offs. of Shimshon Wexler, P.C.*, 2017 WL 5047903, at *2 (quoting *LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 843 (11th Cir. 2013)). As such, Georgia courts routinely find that telephone calls and electronic messages (sent into Georgia from out of state) are insufficient to establish personal jurisdiction. *See Tiversa, Inc.*, 509 F. App'x at 845 (defendant's one phone call to plaintiff and sending of nine emails offering its services was "not enough under Georgia law to subject [a defendant] to personal jurisdiction in Georgia courts.") (citation omitted); *Anderson v. Deas*, 632 S.E.2d 682, 684 (Ga. Ct. App. 2006) (no personal jurisdiction over defendant who made telephone calls to a Georgia resident from another state); *Huggins v. Boyd*, 697 S.E.2d 253, 255 (Ga. Ct. App. 2010) (finding no personal jurisdiction existed over a nonresident defendant who emailed Georgia residents).

Applying this authority, in *L. Offs. of Shimshon Wexler, P.C.*, Judge Mark Howard Cohen dismissed the plaintiff's TCPA claim for lack of personal

11

jurisdiction where the only connection to Georgia that the plaintiff alleged was that he received a fax in Georgia. 2017 WL 5047903, at *3 ("Accordingly, because the sole basis for the exercise of jurisdiction in this case is Plaintiff's receipt of a fax sent from out of state, the . . . [d]efendants are not subject to personal jurisdiction under subsection (2) of Georgia's long-arm statute.").

The court distinguished the supposed "'prevailing TCPA case law' hold[ing] that jurisdiction is proper in the venue in which an unlawful communication is received," observing that "none of [those] cases . . . was decided under Georgia's long-arm statute, which is 'not coextensive with due process . . . . [and] 'may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process.'"" *Id.* (citation omitted, first emphasis added, second in original).

The Complaint alleges that Fleetsmarts sent three text messages and made two phone calls to Plaintiff. Compl. ¶¶ 21-22, 24. These three text messages and two phone calls were placed outside of Georgia. Ex. 1 ¶ 14. The Complaint alleges no other facts that would support establishing personal jurisdiction over Fleetsmarts. *See* Compl. Nor could Plaintiff, as Fleetsmarts is a limited liability company that is organized in the State of Utah and that maintains its principal place of business in Salt Lake City, Utah. Ex. 1 ¶ 4. Fleetsmarts does not have offices, bank accounts, telephone listings, or other assets in the State of Georgia;

does not have any director, officer, employee, agent, or local resident assigned to duty in the State of Georgia; does not own or lease any real or personal property in the State of Georgia; and does not conduct or transact any business in the State of Georgia and is not engaged in any persistent course of conduct in that state. *See id.* ¶¶ 7-15.

The sole fact Plaintiff alleges (that Fleetsmarts sent three texts and made two phone calls to Georgia from out of state) is insufficient to establish personal jurisdiction over Fleetsmarts; accordingly, Plaintiff's claim must be dismissed for lack of personal jurisdiction. *L. Offs. of Shimshon Wexler, P.C.*, 2017 WL 5047903, at *2 (citing *Tiversa, Inc.*, 509 F. App'x at 843).

   b. **Plaintiff cannot state a viable TCPA claim alleging he received calls at a "residential" number when he himself registered that number as a business number with the U.S. Department of Transportation for the Plaintiff's trucking company.**

"[T]he National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses." *In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 9779, 9785 (June 17, 2008). Consequently, if a plaintiff "holds out such a telephone number to the general public as a business line, the line should not be considered 'residential' for the purposes of the TCPA . . . ." *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *3 (D. Mass. Feb. 27, 2019) (quoting *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D.N.Y.

July 23, 2015)).

That there is a difference between residential and business telephone numbers is only common sense. *See, e.g., U.S. v. Levy*, 797 F.3d 558, 565 (8th Cir. 2015) ("a business owner or operator does not have a reasonable expectation of privacy in the portions of a business open to the public"); *Lesser v. Espy*, 34 F.3d 1301, 1305 (7th Cir. 1994) (expectation of privacy in commercial property "different from, and indeed somewhat less than, the privacy expectation in one's home"). This exact fact was recognized by Congress during the passage of the TCPA. *See* 137 Cong. Rec. S16205 (Nov. 7, 1991) (statement of Sen. Hollings) (noting that because "[t]he Supreme Court has generally recognized that persons at work do not have the same level of privacy protection as is afforded to persons in their homes," Congress directed the FCC to determine whether to impose any restrictions on calls to business). The Supreme Court similarly has recognized that the TCPA intended to permit "legitimate [commercial] practices" at the same time it sought to protect "the privacy of individuals . . . ." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 383 (2012) (quoting 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)). It certainly is a legitimate commercial practice to call a number held out as a business line for business purposes, and calling a business line does not in any way impair the privacy interest of any individual.

The publicly available evidence, available on www.joture.com and on

government agency websites in registrations filed by the Plaintiff himself, plainly demonstrates that the Plaintiff has held out his Number as a business number. Plaintiff registered his Number with the U.S. Department of Transportation for Plaintiff's trucking business, Joture LLC. Ex. 4 at 1. Plaintiff's Number was also included as the contact number on www.joture.com. Ex. 6. This Court may take judicial notice of this information in deciding Fleetsmarts' motion to dismiss, as this information is from government agency websites and indeed was written by the Plaintiff himself. *See* Ex. 2 (from Georgia Secretary of State); Exs. 3-5 (from U.S. Department of Transportation); Ex. 6 (from Plaintiff's own website); *Stout*, 313 F. Supp. 3d at 1296 n.2; *In re LTL Shipping Servs. Antitrust Litig.*, 2009 WL 323219, at *7; *Pohl*, 332 F.R.D. at 716; *S. Ass'n of Colleges & Sch. Comm'n on Colleges, Inc.*, 2022 WL 5241217, at *3 n.2.

Because this Court may take judicial notice of the indisputable evidence that Plaintiff has held out his Number as a business number, not a residential number, Plaintiff cannot state a claim for violation of the TCPA, and his claim should be dismissed.

**c. In the alternative, the Court should bifurcate discovery to allow resolution of the "narrow, potentially dispositive issue" of whether Plaintiff's number is residential or for a business.**

In the alternative, Fleetsmarts moves to bifurcate discovery, so that the parties first exchange discovery on the question of whether Plaintiff's telephone

number was a residential or commercial number. Bifurcation of discovery is especially appropriate in class-action TCPA cases, which often "involve the potential 'for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.]'" *Newell*, 2020 WL 13568762, at \*2 (quoting *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. CIV. 11-00011, 2013 WL 663301, at \*5 (D.N.J. Feb. 21, 2013)); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at \*4 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate discovery in TCPA case, observing that "[i]t is also generally understood that the costs can be particularly 'enormous' for defendants.") (citation omitted).

As Judge Steve C. Jones explained in one opinion granting a TCPA defendant's motion to bifurcate discovery:

> Trials courts have broad discretion in determining whether bifurcation is appropriate. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Bifurcation may be appropriate where the "resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary." *Tabor v. New York City*, 11–CV–0195, 2012 WL 603561, at \*10 (E.D.N.Y. Feb. 23, 2012) (Report and Recommendation), *adopted by*, 2012 WL 869424 (E.D.N.Y. Mar. 14, 2012) (bifurcating discovery in the context of a *Monell* claim). This reasoning also applies in the TCPA context. *See, e.g. Leschinsky v. Inter–Continental Hotels Corp.*, No. 8:15–cv–1470–T–30MAP, 2015 WL 6150888, at \*1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received); *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, No. 12-2132, 2014 WL 413534, at \*2 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate where "a narrow,

> potentially dispositive issue exist[ed] concerning whether the faxes sent [were] informational and therefore not actionable under the TCPA," and this issue was "totally distinct from class issues").

*Newell*, 2020 WL 13568762, at *2.

In *Newell*, the defendant moved to bifurcate discovery, requesting to first proceed with "limited discovery into the merits of Plaintiff's individual TCPA claim followed by class-wide discovery if Plaintiff's individual TCPA complaint survives . . . ." *Id.* at *3. Judge Jones granted the defendant's motion, finding that "bifurcating discovery into two phases . . . will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Plaintiff." *Id.*

This case involves an even narrower issue: whether Plaintiff's telephone number was residential or commercial. Consistent with Judge Jones' opinion in *Newell*, many other courts have bifurcated discovery in TCPA cases, first considering the "narrow, potentially dispositive issue" of whether a plaintiff's telephone number was residential or commercial, before moving on to broader merits discovery. As other courts have held:

- "[L]imited discovery will be allowed to determine whether the phone line that is the subject of this litigation is in fact a residential line for the purposes of § 227(b)(1)(B)."

  *Bank*, 2014 WL 4954618, at *4.

- "[T]he Court hereby limits discovery to questions related to whether the telephone number allegedly contacted by [the defendant] was used as a 'residential' or 'business' line. At the conclusion of this limited discovery, [the defendant] may file a motion for summary judgment on this issue, and the Court will determine whether dismissal is appropriate at that time. All other discovery, including class-based discovery, is stayed."
  *Owens v. Starion Energy, Inc.*, No. 3:16-CV-01912 (VAB), ECF No. 49 at 2 (D. Conn. June 30, 2017) (attached hereto as Ex. 8) (citing *Bank*, 2014 WL 4954618, at *2).

- "[T]wo issues are suitable for completion of discovery prior to class certification and merits discovery. Those issues are as follows: 1) Whether the Plaintiff's telephone number, which is used and advertised as a business, may be protected under the TCPA as a residential telephone number; and, 2) Whether the calls which Plaintiff alleges were placed to his wireless telephone in May of 2016, originated from, or were placed by, Defendant. It appears that these issues could be dispositive of one or more of the Plaintiff's claims. Discovery limited to these issues should not be time consuming and bifurcation of the discovery has a potential to conserve the resources of both the parties and the Court."
  *Baker v. Certified Payment Processing, L.P.*, No. 16-CV-03002, ECF No. 22

18

at 2-3 (C.D. Ill. Aug. 15, 2016) (attached hereto as Ex. 9).

As in *Bank*, *Owens*, and *Baker*, limited discovery on the question of whether Plaintiff's Number is residential would conserve the resources of the parties and the Court, with no significant prejudice to the Plaintiff. The court's order in *Owens* provides a clear model for this Court, as this Court may order that, at this time, "the Court hereby limits discovery to questions related to whether the telephone number allegedly contacted by [Fleetsmarts] was used as a 'residential' or 'business' line. At the conclusion of this limited discovery, [Fleetsmarts] may file a motion for summary judgment on this issue, and the Court will determine whether dismissal is appropriate at that time. All other discovery, including class-based discovery, is stayed." *Owens*, Ex. 8 at 2 (citing *Bank*, 2014 WL 4954618, at *2).

## IV.   Conclusion

There is no personal jurisdiction over Fleetsmarts, as the sole jurisdictional fact Plaintiff alleges is that Fleetsmarts sent two text messages and made three phone calls out of state to the Plaintiff in Georgia, which is insufficient to establish personal jurisdiction under binding Eleventh Circuit authority applying Georgia's long-arm statute. Further, Plaintiff's own filings with government agencies and the website for Plaintiff's trucking business demonstrate that his Number is a business number and thus not covered by the TCPA. Accordingly, Plaintiff's claim should be dismissed. If it is not, the parties should proceed to limited discovery on the

narrow, case-dispositive question of whether Plaintiff's Number is residential or commercial.

Date: May 30, 2024                              Respectfully submitted,

                                               MCDOWELL HETHERINGTON, LLP

                                               By: /s/ Tucker C. Motta
                                               Tucker C. Motta
                                               tucker.motta@mhllp.com
                                               2385 N.W. Executive Center Drive,
                                               Suite 400
                                               Boca Raton, FL 33431
                                               Telephone: (561) 994-4311
                                               Facsimile: (561) 982-8985

                                               *Attorneys for Defendant Blue Water Capital LLC*

## Certificate of Compliance

Under LR 7.1(D) of the Northern District of Georgia, I hereby certify that

this document was prepared in Times New Roman font, 14 point under LR 5.1(C).

*/s/ Tucker C. Motta*
Tucker C. Motta

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served

on May 30, 2024, on all counsel of record by electronic filing.

*/s/ Tucker C. Motta*
Tucker C. Motta