# Exhibit 7

# EXHIBIT 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Bond et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-04385 |
| Allstate Insurance Company | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lead Raptors, LLC, c/o Corporation Service Company, Registered Agent
251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider attached hereto.

| Place: Please email to tsostrin@Keoghlaw.com. Otherwise, produce on a hard drive at your office at a time and date to be confirmed with Plaintiff's counsel. | Date and Time: 03/08/2024 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/15/2024

CLERK OF COURT

OR

_____          /s/ Timothy J. Sostrin
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph Bond
, who issues or requests this subpoena, are:

Timothy J. Sostrin, 55 W. Monroe St., Suite 3390, Chicago, IL 60603, tsostr@KeoghLaw.com, 312-726-1092

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

**Definitions & Instructions**

1.      The time frame covered by these Requests shall be July 7, 2019 to the present, unless otherwise indicated by a particular topic or request.

2.      "Document" means all things discoverable as a document under the law, including communications (as defined below) and all forms of electronically-stored information ("ESI") in any medium, such as emails, word-processing files, database files and information, spreadsheets, PDFs, digital images and digital audio files.

3.      "Communication" means or refers to (whether oral, written, on the Internet, face-to-face or otherwise) any disclosure, transfer or exchange of information, or attempt thereof, including but not limited to all electronic mail, correspondence, letters, statements, inquiries, discussions, conversations, negotiations, agreements, understandings, memos, meetings, telephone conversations, text messages, notes, telegrams, recordings, advertisements, weblogs ("blogs"), and Internet postings.

4.      "Allstate" shall refer to Allstate Insurance Company as well as its merged or acquired predecessors, agents, and agencies, such as The Brianna Gordon Agency, LLC, employees, attorneys, independent contractors and anyone else acting on its behalf, except for Lead Raptors (as defined below).

5.      "Lead Raptors," "you" and "your" shall refer to the Lead Raptors, LLC  as well as its merged or acquired predecessors, agents, employees, attorneys, independent contractors and anyone else acting on its behalf.  Likewise, references to any other person or entity include the person's/entity's agents, employees, attorneys, anyone else acting on that person's/entity's behalf and, in the case of an entity, its merged or acquired predecessors.

103659

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

6.      "Identify" when used with respect to a person means to state the person's name, all of his or her address(es), telephone number(s) and email address(es), and his or her occupation and employer.

7.      "Identify" when used with respect to a company or entity means to state its legal name, all of its known phone numbers and all of its known addresses, and to identify the persons who served as your point of contact at the company or entity in connection with the subject matter of the discovery request.

8.      "Identify" when used with respect to a document means to state the general nature of the document (*i.e.* letter, memorandum, etc.), its date, its author, the general subject matter of the document, and the name, address, telephone number and email address of its present or last known custodian.

9.      A request for a document includes all responsive documents within your possession, custody or control, or within the possession, custody or control of your agents, employees and attorneys, including documents you have a contractual or other right, or practical ability, to obtain from others on demand.

10.      You must state the format in which you propose to produce ESI sufficiently in advance of the due date for producing it to give Plaintiff a reasonable opportunity to determine whether the format presents any issues and address them with you.  Please call Tim Sostrin at (312) 374-3405 at least five (5) business days before the due date on the Subpoena to discuss the format for production of ESI.

11.      If you refuse to produce any ESI responsive to these Requests, or refuse to search for potentially responsive ESI due to an allegedly unreasonable burden or cost, then you "must

Page 2 of 9

103659

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources." FRCP 26, Comm. Notes on Rules – 2006 Amendment.

12. Any version of a responsive document that contains any highlighting, notations, comments, initials, etc., that is not a part of the original text shall be treated as a document that is separate and distinct from the version of the document that does not contain identical marks, and must be produced in addition to the version that does not contain those marks.

**Document Requests**

1. All documents that refer or relate to the Plaintiff, Joseph Bond, including but not limited to all information indexed, filed or retrievable under Plaintiff's name, the phone number (252) 509-1282, or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to or associated with her name or (252) 509-1282.

2. All call logs, call records, dialer reports, account notes, and other documents (including audio files) which reflect any call you or someone acting on your behalf made to (252) 509-1282. This Request seeks, as to each call, data reflecting all items listed in subparts (a) through (o) of Request #11 (even if the field was never populated and would be blank).

3. Documents that constitute or evidence any notes taken, or entered into a computer, contemporaneously with any telephone call, conversation or message concerning (252) 509-1282,

103659

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

irrespective of who initiated or was involved in the call, conversation or message, and irrespective of whether a human being or automated system created the notes.

4.      All documents that identify the source from which the telephone number (252) 509-1282 was obtained, all data associated with (252) 509-1282 that you obtained or received from such source, and all communications with that source related to that telephone number.

5.      A complete copy of each contract and agreement (including all riders, exhibits, addenda and amendments thereto) between you and Allstate or any Allstate agency, such as The Brianna Gordon Agency, LLC.  This Request is not limited in time.

6.      All communications with Allstate, or any Allstate agency, such as the Brianna Gordon Agency LLC, concerning promoting, advertising or marketing Allstate products or services, including but not limited to the right or ability to do so, requirements, instructions, prohibitions, or call related scripts/script content, lead sources, or consent/opt-in requirements. This Request is not limited in time.

7.      All documents and communications with anyone other than your counsel concerning this lawsuit or Joseph Bond or the phone number (252) 509-1282.

8.      A complete copy of each contract and agreement (including all riders, exhibits, addenda and amendments thereto) with any data source, publisher, or lead provider who provided you with a phone number to which you placed a call promoting Allstate insurance.

9.      Documents for all billing and payment sent or received under each contract/agreement responsive to Requests # 5 or # 8.

10.      All documents and communications concerning Allstate or potential leads for Allstate that you sent to or received from any data source, publisher, or lead provider who provided

103659

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

you with a phone number to which you placed a call promoting Allstate insurance. This includes but is not limited to documents and communications regarding or reflecting the telephone numbers to be called, the source of the phone numbers, any consent or opt-in language allegedly agreed to by the user of the phone numbers, call scripts/script content, pricing, and any instructions or requirements for making the calls or determining whether the numbers were cellular or on the national do-not-call registry.

11. All dialer call logs, records, reports, and other ESI and documents reflecting all outgoing calls to each person whose telephone number you or someone acting on your behalf called to promote or advertise Allstate products or services between July 7, 2019 and present. All responsive data shall be produced in .csv format, and for each such call, shall include all available data fields including fields that are not populated. This Request seeks data reflecting all of the following as to <u>each</u> call:

      a. telephone number called;

      b. date;

      c. time;

      d. duration;

      e. name of person called;

      f. address of person called;

      g. any associated account number;

      h. campaign or engagement ID;

      i. client ID;

      j. phone type (*e.g.* cell, landline, residential);

**Rider – Subpoena to Lead Raptors**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

    k.   disposition and result code;

    l.   whether any prerecorded or artificial voice message played, and if so, the identity of each message;

    m.  whether the person called asked that they not be called, or that the number be added to a do-not-call list;

    n.   whether the telephone number was on the National Do Not Call Registry;

    o.   whether the person called signed a written agreement authorizing the calls.

12.    All dialer call logs, records, reports, and other ESI and documents reflecting all incoming calls from each telephone number responsive to Request # 11.  All responsive data shall be produced in .csv format.  This Request seeks, as to <u>each</u> call, data reflecting all items listed in subparts (a) through (o) of Request # 11 (even if any such data was not populated for incoming calls, *i.e.* even if the field would be blank).

13.    All documents that identify the source from which the telephone numbers responsive to Request #11 were obtained, all data associated with those telephone numbers that you obtained or received from such source, and all communications with that source related to those telephone numbers.

14.    All documents relating to any data fields or result codes directly or indirectly identifying, reflecting or indicating the manner in which, or source from which, any telephone number responsive to Request #11 was obtained.

15.    All documents (*e.g.* data dictionaries, employee training materials, user or technical manuals) listing each column, row or data field used in any database, document or system that

103659

<u>**Rider – Subpoena to Lead Raptors**</u>

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

contains information responsive to any request herein, and all documents defining or explaining the meaning of any heading used for any such column, row or data field or reflecting which columns, rows or data fields are used to key or link any such database tables.

16. For <u>each</u> column, row and field responsive to Request #15, all documents (*e.g.* data dictionaries, employee training materials, user or technical manuals) listing, defining and/or explaining the meaning of any result codes, values, acronyms, abbreviations, other terminology, and key(s) used in such column, row or field.

17. All technical and training manuals, instructions and contracts regarding each dialer system, equipment and software used for any call to (252) 509-1282 or any call responsive to Request #11.

18. All documents that constitute, describe or reflect your policies, practices or procedures for or applicable to any call to (252) 509-1282 or any call responsive to Request #11 , including but not limited to any documents related to compliance with the Telephone Consumer Protection Act, and any instruction manuals/materials, training manuals/materials, guidelines, and any document explaining the reason or purpose for calling.

19. Documents describing any method used to determine whether (252) 509-1282 or any telephone number responsive to Request #11 was assigned to cellular telephone service, such as a scrubbing procedure.

20. Documents describing any method used to determine whether (252) 509-1282 or any telephone number responsive to Request #11 was listed on the national do-not-call registry, such as a scrubbing procedure.

103659

**<u>Rider – Subpoena to Lead Raptors</u>**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

21.     All documents you sought, obtained, reviewed, or used to ensure the calls to (252) 509-1282 complied with the Telephone Consumer Protection Act.

22.     All documents you sought, obtained, reviewed, or used to ensure the calls responsive to Request #11 complied with the Telephone Consumer Protection Act.

23.     Documents that constitute or reflect your document destruction and retention policies in effect at any time since July 7, 2019, and any changes made to such policies.

24.     Copies of all documents filed in connection with any judicial or administrative proceeding concerning you and the Telephone Consumer Protection Act.

25.     All documents which constitute or reference communications between you and any public or private agency that receives consumer complaints (such as an Attorney General's office, the Federal Trade Commission, the Consumer Financial Protection Bureau, a Better Business Bureau, an online blog, or a newspaper column) relating to promotional, advertising, telemarketing or telephone solicitation calls made to telephone numbers without consent, automated calls, and/or calls using an automatic telephone dialing system or an artificial or prerecorded voice.

26.     To the extent you claim that you obtained or transmitted a record of permission for telemarketing calls concerning Allstate via a website:

    **a.**  Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

        **b.**  For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or

103659

**<u>Rider – Subpoena to Lead Raptors</u>**

*Bond et al v. Allstate Insurance Company*, No. 1:23-cv-04385 (N.D. Ill.)

permission to contact any putative class member with telemarketing calls.

c. For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

d. Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

e. Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

f. Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

g. Produce all documents that identify the bandwidth usage for any website responsive to these requests during the during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

h. Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

103659