# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    CASE NO.: 1:24-cv-01612-VMC <br> : |
| BLUE WATER CAPITAL LLC d/b/a FLEETSMARTS, | : <br> : <br> : |
| Defendant. | : |

### DEFENDANT'S OBJECTIONS, RESPONSES, AND ANSWERS TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY

Pursuant to Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, and the Court Order entered in this matter on March 21, 2025 (ECF No. 20), Defendant Blue Water Capital LLC ("FleetSmarts") hereby answers, objects, and otherwise responds to Plaintiff's First Set of Jurisdictional Discovery ("Discovery"):

### I.  GENERAL OBJECTIONS

1. FleetSmarts objects to the Discovery generally to the extent that it imposes additional obligations on FleetSmarts not required under the Federal Rules of Civil Procedure.

2. FleetSmarts objects to the Discovery generally to the extent that it calls for the production of documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest doctrine, and/or any other applicable privilege or immunity permitted by the applicable law. No such documents shall be produced. Further, documents containing information subject to such privilege or protection shall be redacted and marked as such. The inadvertent identification or production of any privileged document or information is not a waiver of any applicable privilege.

## II.     DOCUMENT REQUESTS

1. Please produce all documents supporting or contradicting any assertion you have made that FleetSmarts is not subject to specific personal jurisdiction in Georgia for the conduct alleged.

**RESPONSE:** FleetSmarts objects to this Request as vague, ambiguous, failing to specify any particular document or category of document with sufficient clarity, requiring mental impressions of counsel, and improperly shifting the burden regarding personal jurisdiction, as it is Plaintiff's burden to prove that jurisdiction is proper, not FleetSmarts' burden to prove that it is lacking.

2. Please produce all documents supporting or contradicting any assertion you have made that neither you, nor your affiliates, vendors, subsidiaries, or any third party, placed the calls at issue.

**RESPONSE:** FleetSmarts objects to this Request as vague, ambiguous, failing to specify any particular document or category of document with sufficient clarity, and requiring mental impressions of counsel. FleetSmarts objects to the phrase "calls at issue" as vague and ambiguous.

Subject to these objections, FleetSmarts responds: FleetSmarts does not dispute that it made calls or sent text messages to Plaintiff after he placed his telephone number on the U.S. Department of Transportation SAFER website.

3. Please produce all documents outlining your marketing efforts for the FleetSmarts fuel card by state or nationally, including Georgia.

**RESPONSE:** None, as FleetSmarts' informal "marketing efforts" consist entirely of making outbound phone calls or sending text messages to telephone numbers placed on the U.S. Department of Transportation SAFER website.

4. Please produce all documents summarizing or reporting on the onboarding for the FleetSmarts fuel card by state, including Georgia.

**RESPONSE:** FleetSmarts objects to this Request to the extent it implies that FleetSmarts onboarding differs by state, when it does not, and in fact is the same for each customer regardless of the state in which they are located.

Subject to and without waiving these objections, FleetSmarts directs Plaintiff to FS00004-08, which is sufficient to show FleetSmarts' typical onboarding.

5.      Please produce all documents related to the telephone numbers 252-XXX-XXXX (the Plaintiff's number) and 833-981-3237, including those documents related your investigation into the text messages sent to Plaintiff and messaging conduct into Georgia and nationwide, including communication with any vendors or third parties.

**RESPONSE:** FleetSmarts objects to this request as vague, ambiguous, failing to specify any particular document or category of document with sufficient clarity, requiring mental impressions of counsel, and calling for the production of documents protected by the attorney-client privilege.

Subject to and without waiving these objections, FleetSmarts will produce non-privileged documents in its possession, custody or control that related to the telephone numbers 252-XXX-XXXX (Plaintiff's number). FleetSmarts does not possess any documents related to the number 833-981-3237.

6.      Please produce all agreements, contracts, statements of work, policies, or other instruction(s) relating to marketing via telemarketing, including the sending of outbound calls to Georgia, including any such documents provided to vendors or third parties.

**RESPONSE:** None, as FleetSmarts' informal "marketing" consist entirely of making outbound phone calls or sending text messages to telephone numbers placed on the U.S. Department of Transportation SAFER website.

7. Please produce all documents relating to complaints or do-not-call requests concerning outbound calls from Georgia, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB, or any other source.

**RESPONSE:** None.

8. All documents in your possession, care, custody, or control regarding any vendors or third parties that contact persons in Georgia, to include the Plaintiff, including communications with such vendors or third parties and any contracts or documents representing any agreements with such vendors or third parties.

**RESPONSE:** None.

9. All communications in your possession, care, custody, or control regarding the Plaintiff.

**RESPONSE:** FleetSmarts will produce non-privileged documents responsive to this Request.

### III.   INTERROGATORIES

1. Please provide your total number of customers and total revenue, and the proportion thereof, attributable to Georgia.

**ANSWER:** FleetSmarts had approximately 14,083 total customers and $27,727,607 during the relevant time period. Answering further, 802 of these customers maintained a Georgia address and resulted in revenue attributable to Georgia of approximately $252,941.

2. Please provide the total number of outbound telemarketing calls placed by either you directly or vendors or third parties you hired, and the proportion thereof, attributable to Georgia.

**ANSWER:** FleetSmarts commenced tracking call data on or about August 2, 2023 and does not maintain relevant call records prior to that date. During the time period of August 2, 2023 to April 16, 2025, FleetSmarts made approximately 6,637,942 outbound calls, of which approximately 4,582 calls were to made to phone numbers associated with Georgia area codes.

3. Please describe your marketing efforts for selling your goods and services using outbound telemarketing into Georgia, including a list of any vendor(s) used to conduct such marketing, the scope of work of each such vendor, and the states that these marketing efforts are targeted to if not solely to Georgia. If such marketing efforts are targeted nationwide, so state. If such marketing efforts are restricted by state, so state.

**ANSWER:** FleetSmarts' informal "marketing efforts" consisted entirely of making outbound phone calls or sending text messages to telephone numbers

placed on the U.S. Department of Transportation SAFER website. Such calls and texts are not targeted or restricted to any particular state.

4. Please identify the owner of 833-981-3237 and the marketing campaign that used this number to place calls, including whether such campaign targeted Georgia or the 252- area code. If the owner of 833-981-3237 is not ascertainable, please identify whom you suspect owns the number, as informed by your investigation and pleadings in this matter.

**ANSWER:** After conducting a diligent search of its records, including records relating to its telecommunication accounts, FleetSmarts lacks sufficient information to answer this Interrogatory.

## IV. REQUESTS FOR ADMISSIONS

1. Admit that the text messages the Plaintiff received were sent to a Georgia telephone number.

**RESPONSE:** Denied.

2. Admit that you contract with or have a business relationship with vendor(s) to place telemarketing calls on your behalf into Georgia, including paying for such calls sent to Georgia.

**RESPONSE:** Denied.

3. Admit that Plaintiff is a resident of Georgia and resides in a Georgia ZIP code.

**RESPONSE:** FleetSmarts lacks sufficient information to be able to answer this Request.

4. Admit to all allegations, factual and legal, in Plaintiff's complaint.

**RESPONSE:** Denied.

5. Admit that you provide your fuel card services in Georgia.

**RESPONSE:** FleetSmarts admits only that it provides fuel card services to customers with Georgia-based addresses, who in turn may use those fuel cards inside or outside of Georgia. Otherwise, denied.

6. Admit that you promote provide your fuel card services via outbound text messages calls, either directly or using vendor(s).

**RESPONSE:** FleetSmarts admits only that its "marketing efforts" consist entirely of making outbound phone calls or sending text messages to telephone numbers placed on the U.S. Department of Transportation SAFER website. Otherwise, denied.

Date: April 28, 2025                                  Respectfully submitted,

                                                      MCDOWELL HETHERINGTON, LLP

                                                      */s/ Jason A. Richardson*
                                                      Jason A. Richardson*
                                                      jason.richardson@mhllp.com
                                                      Ryan Goodland*
                                                      ryan.goodland@mhllp.com
                                                      1001 Fannin Street, Suite 2700
                                                      Houston, Texas 77002
                                                      Telephone: (713) 337-5580

Facsimile: (713) 337-8850

*Admitted *pro hac vice*

Joseph J. Minock
Sinton • Scott • Minock • Kerew
3438 Peachtree Road, Suite 925
Atlanta, GA 30326
GA Bar Number: 863687

*Attorneys for Defendant Blue Water Capital LLC*

# **VERIFICATION**

| | |
|---|---|
| STATE OF UTAH | § |
| | § |
| COUNTY OF UTAH | § |

I, Mike Rawlins, owner and manager of Defendant Blue Water Capital LLC ("FleetSmarts"), declare as follows:

I am authorized to make this Declaration on behalf of FleetSmarts. I have read the foregoing Interrogatory answers and the facts stated therein are either within my personal knowledge or are based on information I obtained from other persons, and true and correct to the best of my knowledge as of the date of this Verification.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Utah County, State of Utah, on April 28, 2025.


                                              */s/ Mike Rawlins*
                                              Mike Rawlins

## **CERTIFICATE OF SERVICE**

I certify that on April 28, 2025, I served a copy of the foregoing document on counsel for Plaintiff via e-mail to anthony@paronichlaw.com.

>      */s/ Ryan Goodland*
>      Ryan Goodland