# Exhibit 9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY OWENS, :
    Plaintiff, :
 :
v. : Case No. 3:16-cv-01912 (VAB)
 :
STARION ENERGY, INC., :
    Defendant. :

**ORDER**

Nancy Owens ("Plaintiff"), has commenced discovery against Starion Energy, Inc. ("Starion Energy" or "Defendant") in connection with allegations that Starion Energy violated of the "Do Not Call" provisions of the Telephone Consumer Protection Act ("TCPA") by calling a residential number that was listed on the national "Do Not Call" registry. The number at issue was registered as a residential line but was also used as a business number. The Court denied Starion Energy's request to stay discovery pending the resolution of the Second Circuit's decision in *Bank v. Independence Energy Group, LLC,* Docket No. 15-2391, as well as the Federal Communication Commission ("FCC")'s determination regarding the appropriate treatment of home-based businesses under the TCPA. Ruling on Mot. to Stay, ECF No. 48.

Although the Second Circuit has not yet resolved the question of how home-based businesses are to be treated under the TCPA, the district court's ruling at the motion to dismiss stage in *Bank v. Independence Energy Group,* No. 12-CV-1369, 2014 WL 4954618 (Oct. 2, 2014), is instructive. In *Bank,* the United States District Court for the Eastern District of New York examined whether a telephone line that was registered as "residential" could be considered residential for TCPA purposes when the plaintiff used that line for business purposes and held it out to the public as a business line. *Bank*, 2014 WL 4954618, at *3. The district court concluded that a telephone line's initial registration as "residential" was not necessarily sufficient

to ensure TCPA protection where the line is actually held out as a business line: "A telephone subscriber who registers a line with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA…. If Defendants are correct about the ways in which Bank has advertised this number, it would not qualify as residential under the TCPA." *Id.* at *4. Nonetheless, the court determined that the residential nature of a telephone line was a question of fact, declining to dismiss the case on Rule 12(b)(6) grounds and permitting discovery limited to this narrow issue. *Id.*

The court in *Bank* eventually resolved the case on summary judgment in favor of the defendant. *See Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) (finding that the telephone number in question was a business line because "Bank provides the Subject Telephone number on his business card, professional letterhead for his law practice, and in pleadings and court filings, and he provides it to clients, prospective clients, other attorneys, and business contacts."). The ruling in *Bank* suggests that, here, the actual use of Ms. Owens' telephone line, and whether it was consistently held out to the public as a business line, is a dispositive issue in this case.

Accordingly, consistent with the Court's "broad discretion to limit discovery in a prudential and proportionate way[,]" *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012), the Court hereby limits discovery to questions related to whether the telephone number allegedly contacted by Starion Energy was used as a "residential" or "business" line. At the conclusion of this limited discovery, Starion Energy may file a motion for summary judgment on this issue, and the Court will determine whether dismissal is appropriate at that time. All other discovery, including class-based discovery, is stayed.

SO ORDERED this 30th day of June, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

3