# Exhibit 10

E-FILED
  Monday, 15 August, 2016 11:48:27 AM
  Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.   16-cv-3002 |
| | ) | |
| CERTIFIED PAYMENT PROCESSING, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on August 15, 2016 with Attorneys Kyle Shamberg, Jon Shepherd, and Michael Grill.   Based upon the Joint Initial Status Report (d/e 19) filed by the parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court has determined that discovery in this case will be bifurcated.

This case is brought by John Baker (Plaintiff) who alleges that Certified Payment Processing, L.P. (Defendant) has violated the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. (TCPA) by placing telephone calls to a telephone number which the Plaintiff indicates is a

residential number and is used as a number for Plaintiff's home-based cleaning business, and to the Plaintiff's wireless telephone.

Defendant filed a Motion to Dismiss and Alternative Motion for More Definite Statement (d/e 6). The Court, construing all reasonable inferences in favor of the Plaintiff, denied that motion. See Opinion (d/e 13).

It appears that legal and factual disputes remain regarding whether the Plaintiff has valid individual claims against Defendant and whether the Plaintiff has standing to act as a class representative.

More specifically, two issues are suitable for completion of discovery prior to class certification and merits discovery. Those issues are as follows:

1) Whether the Plaintiff's telephone number, which is used and advertised as a business, may be protected under the TCPA as a residential telephone number; and,

2) Whether the calls which Plaintiff alleges were placed to his wireless telephone in May of 2016, originated from, or were placed by, Defendant.

It appears that these issues could be dispositive of one or more of the Plaintiff's claims. Discovery limited to these issues should not be time consuming and bifurcation of the discovery has a potential to conserve the resources of both the parties and the Court.

For these reasons, and the reasons stated by the Court on the record, discovery will be bifurcated as stated above.

THEREFORE, TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1.  Initial disclosures under Rule 26 to be made by August 26, 2016.

2.  Written discovery limited to the issues relating to allegations specific to Plaintiff and whether Plaintiff has standing as class representative to be issued by September 23, 2016.

3.  Any depositions limited to the issues relating to allegations specific to Plaintiff and whether Plaintiff has standing as class representative to be completed by November 23, 2016.

4.  Any amendments of pleadings must be done by November 30, 2016.

5. Dispositive motions limited to the issues relating to allegations specific to Plaintiff and whether Plaintiff has standing as class representative shall be filed by December 23, 2016.

6. Further deadlines will be determined only after determination of claims specific to Plaintiff and whether Plaintiff has standing as class representative.

ENTERED: August 15, 2016

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE