# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-cv-01612-VMC |
| | : | |
| BLUE WATER CAPITAL LLC d/b/a FLEETSMARTS, | : | |
| | : | |
| Defendant. | : | |

## Defendant's 12(b)(1) Motion to Dismiss for Lack of Standing

On July 9, 2025, counsel for Defendant Blue Water Capital LLC (d/b/a Fleetsmarts, "FleetSmarts") learned that Plaintiff recently filed a petition for Chapter 7 bankruptcy. Accordingly, FleetSmarts moves to dismiss Plaintiff's cause of action for lack of standing. Under Eleventh Circuit case law, Plaintiff's cause of action now belongs to Plaintiff's bankruptcy estate, and Plaintiff's bankruptcy trustee is the only party with standing to bring such claims.

### I.    Facts and Procedural History

**a. Plaintiff files suit against FleetSmarts, alleging a violation of the Telephone Consumer Protection Act, and the Court orders jurisdictional discovery.**

On April 16, 2025, Plaintiff filed his initial complaint, alleging that FleetSmarts violated the Telephone Consumer Protection Act ("TCPA"). (Doc. 1);

(Doc. 20 at 1-2).[1] On May 30, 2024, FleetSmarts moved to dismiss for lack of personal jurisdiction and failure to state a claim. (Doc. 10). On March 21, 2025, this Court held that, on the record before it, it was unable to determine whether personal jurisdiction existed over FleetSmarts. (Doc. 20 at 13-14). Accordingly, the Court ordered ninety days of jurisdictional discovery and ordered that FleetSmarts file a renewed motion to dismiss at the close of discovery. (*Id.* at 14).

   **b. Plaintiff files for Chapter 7 bankruptcy, without notifying FleetSmarts or this Court, and without notifying the bankruptcy court of the existence of this action.**

   Unbeknownst to FleetSmarts, on April 30, 2025, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy. (*See* Voluntary Petition, attached as Ex. 1). Plaintiff did not inform FleetSmarts of this bankruptcy. In fact, on July 2, 2025, Plaintiff took the 30(b)(6) deposition of FleetSmarts' corporate representative without mentioning this bankruptcy. On July 7, 2025, FleetSmarts filed its renewed motion to dismiss. (Doc. 23). On July 9, 2025, counsel for FleetSmarts learned that Plaintiff had filed his bankruptcy petition.

   In Plaintiff's bankruptcy petition, Plaintiff is required to list all "lawsuit[s], court action[s], or administrative proceeding[s][.]" (Ex. 1 at 10). Plaintiff listed four lawsuits, which are also TCPA cases, but omitted this action. (*Id.* at 10-11). In

---

[1] This Court summarized the substance of Plaintiff's allegations in its order ruling on FleetSmarts' initial motion to dismiss. (*See* Doc. 20 at 1-3).

the schedule of property in Plaintiff's bankruptcy petition, Plaintiff was asked to

describe his "contingent and unliquidated claims of every nature . . . ." (*Id.* at 20).

Plaintiff responded, "4 Lawsiuts [sic] w telemarketers 500 each" and valued all

four lawsuits at $2,000 in current value. (*Id.*). There is no indication that Plaintiff's

bankruptcy trustee was ever notified of this lawsuit. (*See* Ex. 1); (Bankruptcy

Docket, attached as Ex. 2).

## II.    Argument

### a. Plaintiff lacks standing because his cause of action against FleetSmarts is now property of the bankruptcy estate, and the bankruptcy trustee is the only party with standing to maintain a cause of action belonging to the bankruptcy estate.

"Because standing is jurisdictional, a dismissal for lack of standing has the

same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ.

P. 12(b)(1)." *Covington v. Gifted Nurses, LLC*, No. 1:22-CV-4000-VMC, 2023

WL 5167366, at *3 (N.D. Ga. July 19, 2023) (Calvert, J.) (quoting *Stalley v.

Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008)). "If the

court determines *at any time* that it lacks subject-matter jurisdiction, the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). In the bankruptcy

context, the Eleventh Circuit has explained:

> The start of a bankruptcy case creates an estate made up
> of nearly all of the debtor's assets. 11 U.S.C. § 541(a)(1).
> According to the Bankruptcy Code, the estate includes
> "all legal or equitable interests of the debtor in property
> as of the commencement of the case." *Id.* Causes of

> action belonging to a debtor at the initiation of
> bankruptcy become part of the bankruptcy estate. *Parker
> v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir.
> 2004); *Barger v. City of Cartersville,* 348 F.3d 1289,
> 1292 (11th Cir. 2003).
>
> After the cause of action becomes part of the bankruptcy
> estate, the trustee, as the representative of the estate,
> becomes the only party with standing to bring that cause
> of action. *Parker,* 365 F.3d at 1272; *Barger,* 348 F.3d at
> 1292–93. The rights of the debtor to the cause of action
> are therefore eliminated, unless the trustee abandons the
> property in accordance with 11 U.S.C. § 554. *Parker,*
> 365 F.3d at 1272 . . . . However, when a debtor does not
> list their interest in a cause of action on the bankruptcy
> schedule, the cause of action remains in the bankruptcy
> estate after the estate is discharged. *Parker,* 365 F.3d at
> 1272.

*Oswalt v. Sedgwick Claims Mgmt. Servs., Inc.*, 624 F. App'x 740, 740–741

(11th Cir. 2015).

In *Oswalt*, the Eleventh Circuit affirmed the dismissal of a Plaintiff's lawsuit

filed prior to his bankruptcy because:

> [Plainitff]'s claims against [the defendants] became a part
> of [Plainitff]'s bankruptcy estate when he filed for
> Chapter 7 bankruptcy. Once the claim became part of the
> bankruptcy estate, the trustee became the sole person
> with standing to bring the claim. Since the trustee never
> abandoned the cause of action, and [Plaintiff] failed to
> properly disclose the cause of action to the bankruptcy
> court, the cause of action is still property of the
> bankruptcy estate and the trustee is the only party with
> standing to bring the cause of action.

*Id.* at 741 (internal citations omitted). Similarly, in *Chen v. Siemens Energy Inc.*, the Eleventh Circuit held:

> [Plaintiff]'s Title VII claim became part of her bankruptcy estate upon the filing of her Chapter 7 petition. At that point, [Plaintiff] lost standing, and the bankruptcy trustee became the only party with standing to bring the Title VII claim, unless the trustee later abandoned the claim from the estate, which has not occurred. Accordingly, we affirm the district court's judgment of dismissal.

467 F. App'x 852, 854 (11th Cir. 2012).

Following these cases, this Court and district courts throughout the Eleventh Circuit have routinely dismissed a plaintiff's lawsuit for lack of standing where the plaintiff initially files his lawsuit and then later files for Chapter 7 bankruptcy. *See Gaylor v. Georgia Dep't of Nat. Res.*, No. 2:11-CV-288-RWS, 2016 WL 705620, at *5 (N.D. Ga. Feb. 23, 2016) ("this action is hereby **DISMISSED WITHOUT PREJUDICE** due to plaintiff's lack of standing to pursue claims that remain the property of the bankruptcy estate") (emphasis in original); *Montgomery v. PNC Bank*, No. 1:12-CV-0265-AT, 2014 WL 11531624, at *1–2 (N.D. Ga. Aug. 22, 2014) (holding same); *In re Hickman*, No. 6:22-AP-91-TPG, 2023 WL 3521648, at *6 (Bankr. M.D. Fla. May 17, 2023) (same); *Morgan v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:18-CV-00464-TMP, 2019 WL 718712, at *2 (N.D. Ala. Feb. 20, 2019) (same).

Because Plaintiff filed for Chapter 7 bankruptcy protection, his cause of action against FleetSmarts is property of the bankruptcy estate. Only Plaintiff's bankruptcy trustee has standing to pursue this cause of action. Accordingly, Plaintiff lacks standing to pursue this action, and his claim must be dismissed.

Date: July 10, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON, LLP

*/s/ Jason A. Richardson*
Jason A. Richardson*
jason.richardson@mhllp.com
Ryan Goodland*
ryan.goodland@mhllp.com
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

*Admitted *pro hac vice*

Joseph J. Minock
Sinton • Scott • Minock • Kerew
3438 Peachtree Road, Suite 925
Atlanta, GA 30326
GA Bar Number: 863687
*Attorneys for Defendant Blue Water Capital LLC*

## Certificate of Compliance

Under LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point under LR 5.1(C).

*/s/ Ryan Goodland*
Ryan Goodland

6

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been served on July 10, 2025, on all counsel of record by electronic filing.

*/s/ Ryan Goodland*
Ryan Goodland