IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOSEPH BOND<br>　　Plaintiff,<br>vs.<br>BLUE WATER CAPITAL LLC<br>　　D/B/A FLEETSMARTS<br>　　Defendant. | Case No. 1:24-cv-01612-VMC |

### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING

Plaintiff files this opposition to Defendant's Motion to Dismiss for Lack of Standing (ECF No. 24). The Court should deny the motion because discharge in the underlying bankruptcy has mooted each issue therein. *See McRae v. Perry*, No. CV 211-193, 2013 WL 3270332, at *2 (S.D. Ga. June 26, 2013). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (cleaned up). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Defendant's motion to dismiss rests on the basis that the Plaintiff's claim is property of the bankruptcy estate and thus that the Plaintiff lacks standing to pursue this action. However, in the intervening period, the Plaintiff has

completed the Chapter 7 Bankruptcy process, and obtained a discharge, attached herein as Exhibit A.

Defendant's motion is therefore moot.

Under the United States Bankruptcy Code, a Chapter 7 trustee may, or the court may order the trustee to, abandon estate property that is "burdensome" or "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Although no party has done so, a party in interest may likewise seek an order treating as abandoned any property that is burdensome or of inconsequential value. 11 U.S.C. § 554(b). Scheduled property that is "not otherwise administered at the time of the closing of a case is abandoned to the debtor." 11 U.S.C. § 554(c). Here, as Defendant readily admits, the Plaintiff scheduled the instant lawsuit on his Bankruptcy Petition (albeit somewhat generically as "4 Lawsiuts [sic] w telemarketers 500 each." As scheduled property not otherwise administered, the property, the instant lawsuit, has been abandoned to the debtor and administered. The Eleventh Circuit has clarified that, although a debtor lacks standing unless the trustee abandons the claim, by negative implication, with abandonment and administration, standing is cured, as the lawsuit has returned to become property of the debtor. *See Oswalt v. Sedgwick Claims Mgmt. Servs., Inc.*, 624 F. App'x 740, 741 (11th Cir. 2015). Alternatively, even if not explicitly scheduled as one of his other lawsuits in Section 9 (because the Plaintiff had run out of room to do so), the

2

trustee was notified of the instant lawsuit, determined that the claims were of inconsequential value, and elected not to administer them. As such, the trustee has abandoned the lawsuit under 11 U.S.C. § 554(a). This likewise revests ownership in the Plaintiff and cures any standing defect.

Defendant's motion rests on the premise that "only the trustee has standing" because the claim is estate property. Once the trustee abandons the claim, however, which occurred automatically here under Section 554(c) since the property was scheduled and the Plaintiff obtained a discharge, the claim reverts to the Plaintiff. Even if not scheduled, the trustee abandoned the claim under Section 554(a). The instant motion's predicate thus disappears and it should be denied as moot or denied on the merits. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (holding by implication that rights revest in the debtor upon abandonment). Here, the trustee was notified, determined the claims were of inconsequential value, and did not intend to administer them. The claims were scheduled, as Defendant is forced to admit, and in any event, the Trustee has abandoned the claims. That revests ownership in the Plaintiff and cures any standing defect by operation of federal law. 11 U.S.C. § 554(a), (c).

Wherefore, for the foregoing reasons, the instant motion should be denied as moot.

Dated: September 8, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.
                                                  Perrong Law LLC
                                                  2657 Mount Carmel Avenue
                                                  Glenside, Pennsylvania 19038
                                                  Phone: 215-225-5529 (CALL-LAW)
                                                  Facsimile: 888-329-0305
                                                  a@perronglaw.com

## **LOCAL RULE CERTIFICATION**

I certify that this document complies with the requirements of Local Rule 5.1(B).

September 8, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

September 8, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.