## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-cv-01612-VMC |
| | : | |
| BLUE WATER CAPITAL LLC d/b/a FLEETSMARTS, | : | |
| | : | |
| Defendant. | : | |

## Defendant's Reply in Support of
## 12(b)(1) Motion to Dismiss for Lack of Standing

# I.    ARGUMENT

### a. Plaintiff lacks standing because he did not list his cause of action against FleetSmarts in his bankruptcy petition.

"[W]hen a debtor does not list their interest in a cause of action on the bankruptcy schedule, the cause of action remains in the bankruptcy estate after the estate is discharged." *Oswalt v. Sedgwick Claims Mgmt. Servs., Inc.*, 624 F. App'x 740, 741 (11th Cir. 2015) (citing *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)) (holding that "[s]ince the trustee never abandoned the cause of action, and [Plaintiff] failed to properly disclose the cause of action to the bankruptcy court, the cause of action is still property of the bankruptcy estate and the trustee is the only party with standing to bring the cause of action.").

This basic, bedrock principle of bankruptcy law has been repeatedly affirmed by the Eleventh Circuit and district courts, including in one of the very cases cited by Plaintiff. *See Parker*, 365 F.3d at 1272 ("Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.") (collecting cases) (cited by Plaintiff in Doc. 31 at 3); *Chen v. Siemens Energy Inc.*, 467 Fed. Appx. 852, 853–54 (11th Cir. 2012) (citing *Parker,* 365 F.3d at 1272) ("Where a debtor fails to list an interest on the bankruptcy schedules, that interest remains in the bankruptcy estate."); *Gaylor v. Georgia Dep't of Nat. Res.*, No. 2:11-CV-288-RWS, 2016 WL 705620, at *3 (N.D. Ga. Feb. 23, 2016) (citing *Parker,* 365 F.3d at 1272) (holding same).

Plaintiff did not disclose or schedule this action on his bankruptcy petition, which the Court can see for itself by looking at Plaintiff's bankruptcy petition:

| Part 4: | Identify Legal Actions, Repossessions, and Foreclosures | | |
| --- | --- | --- | --- |

9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
| --- | --- | --- | --- |
| Joseph Bond<br>vs<br>Motive Technologies, INC<br>3:24-cv-01215-AMO | Lawsuit | Northern District of Court California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Dismissed** |
| Joseph Bond<br>vs<br>Folsom Insurance Agency, LLC,<br>Cody Folsom<br>3:24-cv-02551-L | Civil Suit | Nothern District Court of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 3
Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

Debtor 1   Joseph Franklin Bond, III    Case number (if known)

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
| --- | --- | --- | --- |
| Joseph Bond<br>vs<br>Ethos Technologies, Inc<br>1:24-cv-01440 | Civil Suit | Northern Disrtrict Court of California<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| Joseph Bond<br>vs<br>Skyline Capital Network, Inc<br>1:24-cv-25125 | Civil Suit | Northern District Court of Florida<br>1 N Palafox St<br>Pensacola, FL 32502 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

(Doc. 24-1 at 10-11).

As FleetSmarts noted in its motion to dismiss, "Plaintiff listed four lawsuits [on his bankruptcy petition], which are also TCPA cases, but omitted this action."

(Doc. 24 at 2).[1] As can be seen above, Plaintiff listed lawsuits against (1) Motive Technologies, Inc.; (2) Folsom Insurance Agency, LLC and Cody Folsom; (3) Ethos Technologies, Inc.; and (4) Skyline Capital Network, Inc. (*Id.*). None of those entities are FleetSmarts. Plaintiff later concedes this fact, admitting that this lawsuit is "not explicitly scheduled as one of his other lawsuits in Section 9 (because the Plaintiff had run out of room to do so) . . . ." (Doc. 31 at 2). Plaintiff cites no case law for the proposition that a debtor need not list an asset of the bankruptcy estate in his petition when he has "run out of room to do so," nor could he, given the header to this section of his bankruptcy petition states, "Be as complete and accurate as possible . . . If more space is needed, attach a separate sheet to this form":

| Official Form 107 | |
|---|---|
| **Statement of Financial Affairs for Individuals Filing for Bankruptcy** | 04/25 |
| **Be as complete and accurate as possible.** If two married people are filing together, both are equally responsible for supplying correct information.  **If more space is needed, attach a separate sheet to this form.** On the top of any additional pages, write your name and case number (if known). Answer every question. | |

(Doc. 24-1 at 8) (emphases added).

Plaintiff signed his bankruptcy petition, declaring, "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct." (*Id.* at 15).

---

[1] It is thus profoundly dishonest for Plaintiff to state that "Defendant readily admits[] the Plaintiff scheduled the instant lawsuit on his Bankruptcy Petition . . . ." (Doc. 31 at 2). Fleetsmarts did not "readily admit" this, but stated the opposite.

In any event, "whether Plaintiff's failure to list the claim was excusable or not . . . has no bearing on his standing to bring the claim. The claim belongs to the bankruptcy estate, and can be pursued only by the trustee . . . ." *Montgomery v. PNC Bank, N.A.*, No. 1:12-CV-0265-AT-JSA, 2014 WL 11531623, at *4 (N.D. Ga. July 21, 2014), *report and recommendation adopted as modified*, No. 1:12-CV-0265-AT, 2014 WL 11531624 (N.D. Ga. Aug. 22, 2014). Thus, as the court in *Montgomery* observed in granting a defendant's motion to dismiss on similar facts, "Defendant is correct that Plaintiff lacks standing to bring this pre-petition cause of action," (*id.*); FleetSmarts' motion to dismiss is not moot; and Plaintiff's case must be dismissed.

### b. This Court may not rely on a single unsworn, unattributed, hearsay assertion in Plaintiff's response brief as a basis to decide standing.

In opposition to dismissal, Plaintiff offers a single unsworn, unattributed statement, claiming that "the trustee was notified of the instant lawsuit, determined that the claims were of inconsequential value, and elected not to administer them." (Doc. 31 at 2-3). Plaintiff does not describe *who* notified the trustee, *what* the trustee was notified about, *when* this happened, *how* the trustee made any "determinations" or "elections," or *where* those "determinations" or "elections" were recorded. Plaintiff attaches no declaration, and indeed, cites no source *at all*, in support of this assertion. Indeed, other than this sentence in Plaintiff's response

brief, there is literally no evidence in the record this ever happened. (*See* Doc. 24-2) (Plaintiff's bankruptcy docket).

"[T]he local rules of this Court state that '[i]f allegations of fact are relied upon [in a motion or response to a motion], supporting affidavits must be attached to the memorandum of law.'" *Bohannon v. PHH Mortgage Corp.*, No. 1:12-CV-02477-RWS-GGB, 2012 WL 12844753, at *12 n.4 (N.D. Ga. Nov. 26, 2012) (quoting LR 7.1(A)(1)) (refusing to consider "unsupported allegations of fact asserted by [plaintiff] in her response brief"), *report and recommendation adopted*, No. 1:12-CV-2477-RWS, 2013 WL 12062835 (N.D. Ga. Mar. 26, 2013). In the bankruptcy context, district courts have routinely refused to rely on a plaintiff's unsworn or hearsay assertion regarding conversations with a trustee about supposedly abandoning a claim. *See Gaylor*, 2016 WL 705620, at *3–4 (rejecting Plaintiff's argument that "[the bankruptcy trustee] orally abandoned this lawsuit, thus allowing [Plaintiff] to pursue it[,]" given that "[Plaintiff attorney's] statement that [the trustee] told her she was abandoning this lawsuit, and that [Plaintiff] was free to pursue his claims, is hearsay and therefore inadmissible."); *Knoepfler v. Guardian Life Ins. Co. of Am.*, No. CIV. 01-5186WHW, 2009 WL 1834324, at *6 n.1 (D.N.J. June 26, 2009) (rejecting plaintiff's unsworn assertion that "the trustee in . . . [the] bankruptcy case was made aware of [a certain insurance]

policy and that a settlement agreement was reached allowing plaintiff to pursue claims" related to that policy).

As in *Gaylor*, *Knoepfler*, and under this Court's Local Rules, this Court should reject any reliance on Plaintiff's unsworn, unattributed, vague hearsay statement, and dismiss Plaintiff's case for lack of standing.

**c. As a matter of law, this lawsuit still belongs to the bankruptcy estate, since this lawsuit was never formally scheduled; no creditors were given notice of this lawsuit; and no hearing was held abandoning it.**

"Even if the Court were to credit plaintiff's unsupported contentions, the notice to trustee does not create a dispute of fact regarding plaintiff's failure to formally schedule the [claim]." *Knoepfler*, 2009 WL 1834324, at *6 n.1 (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991)). Indeed, "in order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must *formally schedule the property* before the close of the case. It is not enough that the trustee learns of the property through other means." *Gaylor*, 2016 WL 705620, at *4 (quoting *Vreugdenhill,* 950 F.2d at 526) (emphasis added) (holding that "[i]t is not enough that [plaintiff's counsel] orally informed [the bankruptcy trustee] of the lawsuit").

Moreover, "abandonment requires the trustee to give notice to the creditors and, if any object, the bankruptcy court must hold a hearing." *Id.* (citing 11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007(a)). As in *Gaylor,* "[n]either occurred here." *Id.*

"Thus, the lawsuit was never administered or formally abandoned, and it therefore remains the property of the bankruptcy estate." *Id.* at *4–5 (dismissing action "due to plaintiff's lack of standing to pursue claims that remain the property of the bankruptcy estate"). Plaintiff's claims still belong to his bankruptcy estate; Plaintiff lacks standing; and Plaintiff's case against FleetSmarts must be dismissed.

Date: September 15, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON, LLP

*/s/ Jason A. Richardson*
Jason A. Richardson*
jason.richardson@mhllp.com
Ryan Goodland*
ryan.goodland@mhllp.com
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

*Admitted *pro hac vice*

Joseph J. Minock
Sinton • Scott • Minock • Kerew
3438 Peachtree Road, Suite 925
Atlanta, GA 30326
GA Bar Number: 863687
*Attorneys for Defendant Blue Water Capital LLC*

## **Certificate of Compliance**

Under LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point under LR 5.1(C).

*/s/ Ryan Goodland*
Ryan Goodland

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been served on September 15, 2025, on all counsel of record by electronic filing.

*/s/ Ryan Goodland*
Ryan Goodland