## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-cv-01612-VMC |
| | : | |
| BLUE WATER CAPITAL LLC d/b/a FLEETSMARTS, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**Defendant's Reply in Support of Renewed Motion to Dismiss or, in the Alternative, Motion to Bifurcate and Brief in Support**

I.    **If the Court grants FleetSmarts' pending 12(b)(1) motion to dismiss for lack of standing, this motion should be denied as moot.**

"[W]here a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1229 (N.D. Ala. 2012) (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)) (cleaned up). And "if [a court] must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections [made on other grounds] become moot and do not need to be determined by the judge." *Wachovia Ins. Services, Inc. v. Paddison*, No. 406CV083, 2006 WL 8435309, at *4 (S.D. Ga. July 18, 2006) (citing Wright & Miller, 5B Fed. Prac. & Proc. Civ.3d § 1350 at 138-39 (2004)). Before deciding this motion, the Court should first consider FleetSmarts' pending 12(b)(1) motion. (*See* Doc. 24). If granted, then this motion may be denied as moot.

II.    **Long arm statute: the Court lacks personal jurisdiction over the Utah-based FleetSmarts.**

   a. **Jurisdictional discovery has shown FleetSmarts is not subject to personal jurisdiction under Georgia's long-arm statute.**

This Court previously granted jurisdictional discovery for Plaintiff to answer two questions: (1) whether FleetSmarts marketing "targeted" Georgia and (2) "whether it derives substantial revenue from Georgia or pays taxes in Georgia" (Doc. 20 at 11, 13). Discovery has shown the answer to both is "No."

1

1. **Plaintiff admits FleetSmarts' marketing "targeted the nation as a whole," conceding FleetSmarts did not specifically target Georgia.**

Georgia courts have repeatedly affirmed that "[p]articipation in a nationwide advertising campaign does not constitute transacting business in Georgia or targeting Georgia residents." *Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2025 WL 1932750, at *8 (N.D. Ga. July 14, 2025); *see also Perrigo Co. v. Merial Ltd.*, 215 F. Supp. 3d 1329, 1342 (N.D. Ga. 2016) ("intent to target consumers across the nation" is "not transacting business in Georgia").[1] In fact, one case Plaintiff cites found jurisdiction precisely *because* the defendant targeted Georgia specifically. *See Isbell v. Stone & Associates, LLC*, No. 1:14-cv-02990-SCJ-AJB, 2015 WL 13777247, at *3 (N.D. Ga. May 27, 2015) (jurisdiction existed under long-arm statute where defendant "advertis[ed] itself as 'The South and Mid-Atlantic's Premier Debt Collection Agency,' with Atlanta among the highlighted cities"), *report and recommendation adopted*, No. 1-14-CV-2990-SCJ, 2015 WL 13777245 (N.D. Ga. June 18, 2015) (cited in Doc. 30 at 8).

After three months of jurisdictional discovery, Plaintiff concedes that FleetSmarts' marketing efforts "were not targeted nor restricted to any particular state." (Doc. 30 at 7; *see also id.* at 11 (FleetSmarts "sent the [text] messages at

---

[1] *See also McHale v. HJGM, Inc.*, 556 S.E.2d 853, 855 (Ga. App. 2001) (collecting cases) ("Georgia courts have long held that an out-of-state corporation's placement of advertisements in national publications . . . do[es] not constitute the transaction of business in this state for purposes of long-arm jurisdiction.").

issue all across the country indiscriminately" and "targeted the nation as a whole"). Far from proving jurisdiction, Plaintiff's concessions only demonstrate how FleetSmarts is *not* subject to jurisdiction under Georgia law and Plaintiff's case must be dismissed.

### 2. Plaintiff fails to show that FleetSmarts' Georgia revenue (comprising less than one percent of total revenue) is "substantial revenue."

Rather than follow this Court's prior instruction to show that FleetSmarts collected "substantial revenue" from Georgia (Doc. 20 at 8, 13), Plaintiff deflects, stating that "discovery has shown regular solicitation and a persistent course of conduct into Georgia. That alone satisfies subsection (3), *regardless of* whether $252,000 is 'substantial revenue.'" (Doc. 30 at 13) (emphasis added). Yet Plaintiff does not support this assertion with any citation to what "discovery has shown" and cites no case law for this vague assertion, which is insufficient under Georgia law. *See Bentz v. Taishan Gypsum Co., Ltd.*, No. 1:17-CV-2892-AT, 2021 WL 12299203, at *7 (N.D. Ga. Aug. 6, 2021) (citing *Jenkins v. NaturMed, Inc.*, No. 1:18-CV-1614-LMM, 2018 WL 8949451, at *4 (N.D. Ga. July 25, 2018)) (long arm statute not satisfied where "Plaintiffs only vaguely asserted that 'thousands' of sales had been made by the distributor in Georgia"); *Jenkins*, 2018 WL 8949451, at *4 ("Plaintiff do[es] not provide any detail that would allow the Court to determine whether [the defendant] has derived substantial revenue from those sales, beyond the fact that [that defendant] has [been] paid . . . $20 million for *all purchases*

3

*nationally* over four years.") (emphases in original).[2] And Plaintiff does not even mention that jurisdictional discovery has shown **FleetSmarts pays no taxes in Georgia** (Doc. 23 at 6 (citing Doc. 23-1 ¶ 6), a factor this Court specifically flagged in its prior order (Doc. 20 at 13). FleetSmarts does not derive "substantial revenue" from Georgia, as its revenue from Georgia is less than one percent of its total revenue (Doc. 23 at 14), so with jurisdictional discovery now complete, Plaintiff's complaint must be dismissed.

### b. Instead of following this Court's prior order regarding jurisdiction, Plaintiff misrepresents the facts and the law.

#### 1. Plaintiff makes false, factually unsupported, or irrelevant assertions.

Plaintiff repeatedly argues that there is jurisdiction because his phone number has "a Georgia area code" (Doc. 30 at 7, 8, 11), even though his area code is "252" (Doc. 23 at 9) which "correspond[s] to eastern North Carolina." *Brissett v. Shoaf Law Firm, P.A.*, No. 5:12-CV-781-FL, 2013 WL 6713123, at *1, *5 (E.D.N.C. Dec. 19, 2013). Plaintiff contends FleetSmarts transacted business in Georgia by "sending a fuel card to a Georgia address," (Doc. 30 at 6, 7), citing zero evidence in support. Other facts Plaintiff cites are irrelevant, noting that the number which texted Plaintiff is registered in FleetSmarts' name and sent him texts

---

[2] Plaintiff argues that FleetSmarts has filed liens in Georgia and that this somehow establishes jurisdiction (Doc. 30 at 7 (citing Doc. 30-2), yet once again cites no authority to support this position.

from the Philippines, without explaining why these facts matter. (*See id.* at 6). Plaintiff's provably false, factually unsupported, or irrelevant assertions should be rejected.

### 2. Plaintiff contradicts this Court's prior order.

Unable to satisfy Georgia's long-arm statute, Plaintiff invokes what he calls the "applicable standard in a TCPA case," citing Massachusetts cases that treat the long-arm statute and constitutional due process analyses as coextensive. (Doc. 30 at 8 (citing *Traylor v. Livefree Emergency Response Inc.*, No. 1:24-CV-10329-IT, 2024 WL 4943042, at *3, *3 n.6 (D. Mass. Dec. 3, 2024); *McDermet v. Porch.com, Inc.*, No. CV 19-10284-RGS, 2019 WL 1619867, at *2 (D. Mass. Apr. 16, 2019)). Yet as this Court knows, Georgia's long-arm statute is *not* coextensive with due process. (*See* Doc. 20 at 7). As Judge Cohen held in rejecting a similar argument invoking "prevailing TCPA case law" for jurisdiction, "none of the cases cited by Plaintiff was decided under Georgia's long-arm statute, which is not coextensive with due process and may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process." *Law Offices of Shimshon Wexler, P.C. v. AICOM Sols. LLC*, No. 1:17-CV-1084-MHC, 2017 WL 5047903, at *3 (N.D. Ga. Oct. 30, 2017) (Cohen, J.) (cleaned up) (collecting cases).

Plaintiff's legal amnesia does not stop there. Plaintiff repeatedly cites the

5

Supreme Court's due process clause analysis in *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, (2021) (Doc. 30 at 9-12), forgetting this Court has already held that *Ford Motor Co.* "says nothing about where an injury occurs for the purpose of Georgia's long-arm statute." (Doc. 20 at 8 n.6). Plaintiff argues jurisdiction exists because FleetSmarts "call[ed] a number that it *admits it knew* was associated with a telephone *within Georgia*," (Doc. 30 at 6) (emphases in original), ignoring this Court's holding that "knowledge that the counterparty is in Georgia is a necessary *but not sufficient condition* for transacting any business." (Doc. 20 at 10) (collecting cases) (emphasis added). Plaintiff complains that whether FleetSmarts "targeted" Georgia with marketing is a "red herring," (Doc. 30 at 8), even though this Court previously held that "*[t]he missing piece* is whether Fleetsmarts' general marketing efforts target Georgia" (Doc. 20 at 11) (emphasis added). Plaintiff's inapposite authority and willful ignorance of this Court's prior rulings should be rejected.

## III.    <u>Not a business number:</u> Plaintiff's number is not residential.

As explained in the Motion, Plaintiff's TCPA claim fails because his phone number was a business line and not subject to the statute's protections. To get around this, Plaintiff invents a legal standard out of whole cloth so he can pass off his number as "residential." The Court should not be fooled by this.

### a. Plaintiff's proffered legal authority is misrepresented, not on point, or supports a holding that Plaintiff's number is a business number not protected by the TCPA.

#### 1. The FCC regulations Plaintiff cites cannot salvage his defective TCPA claim.

Plaintiff argues the FCC has defined "residential" under the TCPA. (Doc. 30 at 17 (citing 47 C.F.R. § 64.2305)). This is false. "The TCPA does not define this term [of 'residential telephone subscriber'], nor do the implementing regulations. 'Courts have interpreted the 'residential telephone subscriber' element [of a TCPA claim] to require proof that the number called was used for 'residential purposes,'' though, this term is likewise not defined in the statute or regulations." *Dobronski v. Transamerica Life Ins. Co.*, 13 N.W.3d 895, 901 (Mich. App. 2023) (quoting *Stevens-Bratton v. TruGreen, Inc*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020)).[3]

The FCC regulation Plaintiff cites has nothing to do with the Do-Not-Call list or the TCPA. (*See* Doc. 30 at 17 (citing 47 C.F.R. § 64.2305)). In fact, the FCC did not issue that regulation pursuant to the TCPA (Section 227). Rather, the FCC issued that regulation and others pursuant to Section 222, 47 C.F.R. § 64.2301

---

[3] *See also Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618, at *2 (E.D.N.Y. Oct. 2, 2014) (citation omitted) ("[w]hile 'residential telephone lines' are singled out for special treatment throughout many sections of the TCPA, neither the statute nor the enacting regulations provide a definition for the phrase, and the plain language of the statute is not helpful in arriving at a definition."); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020) ("the TCPA does not define 'residential telephone subscriber'").

(citing 47 U.S.C. § 222(c)), describing the process by which a "business subscriber" may "choose[] to be listed in the yellow pages . . . ." 47 C.F.R. § 64.2305(c). Plaintiff does not explain how, in 2025, a regulation concerning the Yellow Pages is relevant to the National Do-Not-Call list, nor explain why all the courts cited above are wrong in holding the TCPA does not define "residential."

Plaintiff then cites a different FCC order to argue that all cell numbers on the National Do-Not-Call list are "presumptively residential." (Doc. 30 at 17 (quoting *FCC Report and Order*, 18 F.C.C. Rcd. 14014, 14039 (2003))). Yet Plaintiff omits the *very next sentence* of the FCC's order, which states, "Such a presumption, however, may require a complaining wireless subscriber to provide further proof of the validity of that presumption should we need to take enforcement action." 18 F.C.C. Rcd. at 14039. In other words, even if on the Do-Not-Call list, a TCPA plaintiff is *still* "required to show that the cellular telephone was used for residential purposes." *Stevens-Bratton*, 437 F. Supp. 3d at 658 (citing *FCC Report and Order*, 18 F.C.C. Rcd. at 14039). Indeed, "[i]f establishing the National Do-Not-Call Registry element necessarily established the [separate] residential-telephone-subscriber element, the regulatory language requiring the latter would be superfluous" and "would violate the interpretive canon against surplusage." *Id.* at 658 n.4 (citing 47 C.F.R. § 64.1200(c)).

Plaintiff does not deny that he held out his number as a business line in a

federal filing and on a business website. *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022) (in assessing if number is "residential," courts consider "whether plaintiffs have held out to the public or advertised their phone numbers for business purposes"). His number was a business line, and he fails to state a claim under the TCPA.

### 2. The authority Plaintiff cites only demonstrates why his claims must be dismissed.

In *Shelton v. Pro Source Lending Group LLC*, No. CV 24-4394, 2025 WL 817485, at *4 (E.D. Pa. Mar. 14, 2025) (cited in Doc. 30 at 21), the plaintiff brought suit in 2019 under the TCPA, but "[a]t that time, however, Plaintiff advertised his number on his business website and also used it for business purposes, rendering it a mixed-use number." *Id.* (citing *Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019)). "This led the Court to conclude that 'because Plaintiff held the Phone number out to the world as a business phone number, he could not register it on the National Do Not Call Registry for purposes of avoiding business-to-business calls, such as those giving rise to this action,' and it dismissed Plaintiff's [TCPA] claims for lack of standing." *Id.* (citing *Target Advance*, 2019 WL 1641353, at *6).

Five years later, in 2024, Plaintiff brought suit again, alleging that his number was now "used exclusively for personal use, and has not been used for

business purposes since 2019." *Id.* Because of this "temporal aspect" (i.e., the passage of five years), the Court denied the motion to dismiss. *Id.*

In contrast, Plaintiff alleges that FleetSmarts called him in January and February 2024, *the same months* that his phone number was listed on websites of Joture and U.S. Department of Transportation. (*Compare* Doc. 1 ¶ 21 *with* Doc. 23 at 6-8). Under the very authority cited by Plaintiff, even if Plaintiff's number was a "mixed-use number," "because Plaintiff held the Phone number out to the world as a business phone number, he could not register it on the National Do Not Call Registry for purposes of avoiding business-to-business calls, such as those giving rise to this action." *Pro Source*, 2025 WL 817485, at *4 (citing *Target Advance*, 2019 WL 1641353, at *6). Plaintiff does not dispute that he held out his phone number to the world as a business number on the Joture and U.S. Department of Transportation websites, so his case must be dismissed.

### 3. Other cases Plaintiff cites are not on-point, as none involved public records demonstrating the number at issue is a business number.

Plaintiff cites cases in which a court rejected the argument that a cell phone, simply by *being* a cell phone, could *never* be a "residential" number. *See Tsolumba v. SelectQuote Ins. Services*, No. 5:22-CV-00712, 2023 WL 6146644, at *3 (N.D. Ohio Sept. 20, 2023) (rejecting defendant's argument that TCPA "applies to residential (not cellular) phone subscribers only."); *Sasin v. Enter. Fin. Group, Inc.*, No. CV 17-4022-CBM-RAO, 2017 WL 10574367, at *5 (C.D. Cal. Nov. 21,

2017) (rejecting similar argument) (cited in Doc. 30 at 17). Moreover, in every one of those cases, there was not even a hint that the plaintiff's number was associated with a business. *See Tsolumba*, 2023 WL 6146644, at *3 (plaintiff's cell phone was "not associated with a business"); *Hodgin v. Parker Waichman Llp*, No. 3:14-CV-733-DJH, 2015 WL 13022289, at *4 (W.D. Ky. Sept. 30, 2015) (no allegation number was business number); *Phillips v. Mozes, Inc.*, No. 2:12-CV-04033-JEO, 2014 WL 12589671, at *1 (N.D. Ala. Sept. 3, 2014) (same), *report and recommendation adopted in part, rejected in part*, No. 2:12-CV-04033-JEO, 2015 WL 12806594 (N.D. Ala. Jan. 26, 2015); *Doyle v. JTT Funding, Inc.*, No. LA CV18-06145 JAK (ASx), 2019 WL 13037025, at *8 (C.D. Cal. Dec. 2, 2019) (same); *Sasin*, 2017 WL 10574367, at *5 (same) (cited in Doc. 30 at 17-18).

FleetSmarts is not arguing over whether Plaintiff's number is a cell phone. FleetSmarts argues it is a business number because Plaintiff does not dispute he *held it out* as a business number. (See Doc. 23 at 6-10).

### b. Plaintiff's factual objections and improper declaration should be rejected.

### 1. Plaintiff's "judicial notice" objections lack merit.

Under Federal Rule of Evidence 201(b), a court may judicially notice facts that that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Following this rule, this Court and others have taken judicial notice of the contents

of government websites at the Rule 12 stage. *See Patrick v. Poree*, No. 1:22-CV-04236-VMC, 2022 WL 18938280, at *1 n.1 (N.D. Ga. Dec. 7, 2022) (Calvert, J.) (collecting cases); *In re LTL Shipping Servs. Antitrust Litig.*, No. 1:08-MD-01895-WSD, 2009 WL 323219, at *7 (N.D. Ga. Jan. 28, 2009)). In *Patrick*, this Court observed that the publicly available copyright registration for a certain song "only lists [the plaintiff]'s name in the Rights and Permissions field, not in the Claimant or Authorship fields." 2022 WL 18938280, at *2. And in *LTL*, the court judicially noticed a publicly filed document because it "shows that fuel prices per gallon have risen almost without exception in each month from July 2003 to May 2008." 2009 WL 323219, at *16.

Plaintiff argues the Court may notice only the existence of public records, not their "truth." (Doc. 30 at 18-19). Yet all FleetSmarts asks the Court to do is to notice the fact that Plaintiff held out 252-509-1282 as the contact number for an interstate trucking business on the U.S. Department of Transportation website and on his own website (Doc. 23 at 6-8), a fact which is "not subject to reasonable dispute." Fed. R. Evid. 201(b).

### 2.  The Court should disregard Plaintiff's declaration.

Plaintiff's Response repeatedly relies on a declaration he attached to his Response to FleetSmarts' initial motion to dismiss, which purports to explain why his supposedly "residential" number was listed as the number for a trucking

business on the U.S. Department of Transportation website. (Doc. 30 at 19).

Plaintiff contends this declaration should be "afforded substantial credit and

weight." (*See id.* at 2, 17-20 (citing Doc. 17-1). Quite the contrary. "The Court

disregards the new materials introduced in the [r]esponse [to a motion to dismiss]

as 'a party cannot amend a complaint by attaching documents to a response to a

motion to dismiss.'" *Jones v. Gen. Motors LLC*, No. 1:21-CV-03460-VMC, 2023

WL 2877706, at *4 n.3 (N.D. Ga. Mar. 8, 2023) (Calvert, J.) (citation omitted),

*aff'd,* No. 23-11102, 2024 WL 861064 (11th Cir. Feb. 29, 2024). While this Court

may take judicial notice of public documents from a federal agency in deciding a

12(b)(6) motion, it may not consider Plaintiff's self-serving declaration. *See Bryant

v. Avado Brands, Inc.*, 187 F.3d 1271, 1279–80 (11th Cir. 1999) (district court may

"tak[e] judicial notice of SEC public records" and but not "affidavits attached to a

motion to dismiss, clearly the sort of evidentiary material that is not appropriate at

the 12(b)(6) stage").

### 3. Plaintiff's incorporation by reference of his prior briefing violates this Court's local rules regarding page limits, and therefore his prior briefing should not be considered.

Under this Court's Local Rules, "incorporation by reference is

impermissible, as this practice incorporates more pages into a party's brief, thereby

exceeding the page limit set forth in Local Rule 7.1(D)." *Biedermann v. Ehrhart*,

No. 1:20-CV-01388-JPB, 2021 WL 1061794, at *1 (N.D. Ga. Mar. 19, 2021)

(cleaned up) (collecting cases). Plaintiff's Response "incorporates [his] previous arguments" (Doc. 30 at 16), adding eleven pages from Doc. 17 at 12-22 to his twenty-five-page submission, thus exceeding the twenty-five-page limit of Local Rule 7.1(D). The Court should disregard the incorporated material.[4]

IV.    **Bifurcation will conserve resources of the parties and this Court by allowing resolution a discrete, threshold issue that is part of Plaintiff's prima facie TCPA case.**

Plaintiff (twice) contends that bifurcation of discovery should be denied because "the Defendant has already obtained one round of bifurcated discovery." (Doc. 30 at 23, 25). This is false. *Plaintiff* has already obtained one round of bifurcated discovery, taking a deposition and serving written discovery requests (*See id.* at 11-12). FleetSmarts has obtained zero discovery from Plaintiff. Plaintiff is in no position to complain about "piecemeal motion-and-discovery strategy that will effectively drag out this case indefinitely" (*id.* at 25) when he just asked for, and received, three months of jurisdictional discovery himself.

Provably false assertions aside, FleetSmarts is not seeking bifurcation between the broad categories of "class" and "merits" discovery. Rather than increasing costs, bifurcation "will allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant

---

[4] If the Court considers it, FleetSmarts requests leave to file a short supplemental brief responding to those additional arguments.

14

prejudice to Plaintiff." *Newell v. Aliera Healthcare, Inc.*, No. 1:19-CV-01489-SCJ, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (Jones, J.). In fact, one of Plaintiff's own cited cases only demonstrates why bifurcation is appropriate. *See Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014) (cited in Doc. 30 at 23). In *Hartley-Culp*, the court rejected bifurcation on the issue of whether the plaintiff had provided "express prior consent," since under the TCPA, a defendant "bears the burden of proof" for proving that issue. *Id.* Because "'express consent' is not an element of a TCPA Plaintiff's prima face case," it was not a "threshold question" that could be resolved with bifurcated discovery. *Id.* (citation omitted)

But under the TCPA, "the plaintiff[] bears the burden to prove that a number called was residential." *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 396 (M.D.N.C. 2015) (citation omitted), *aff'd*, 925 F.3d 643 (4th Cir. 2019); *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (citation omitted) (under the TCPA, "the burden to show the residential status is on [the plaintiff.]").

Whether plaintiff's number is business or residential *is* a "threshold question," so resolving it early can only *promote* judicial economy. If Plaintiff can prove this issue, he may proceed. If not, he cannot. Bifurcation will thus not "deprive [Plaintiff] of the information he needs to develop his theory of the case" (Doc. 30 at 25), but simply put Plaintiff to the task of determining this key issue.

Date: September 22, 2025                    Respectfully submitted,

                                            McDowell Hetherington, LLP

                                            */s/ Jason A. Richardson*
                                            Jason A. Richardson*
                                            jason.richardson@mhllp.com
                                            Ryan Goodland*
                                            ryan.goodland@mhllp.com
                                            1001 Fannin Street, Suite 2700
                                            Houston, Texas 77002
                                            Telephone: (713) 337-5580
                                            Facsimile: (713) 337-8850

                                            *Admitted *pro hac vice*

                                            Joseph J. Minock
                                            Sinton • Scott • Minock • Kerew
                                            3438 Peachtree Road, Suite 925
                                            Atlanta, GA 30326
                                            GA Bar Number: 863687
                                            *Attorneys for Defendant Blue Water*
                                            *Capital LLC*

## Certificate of Compliance

Under LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point under LR 5.1(C).

                                            */s/ Ryan Goodland*
                                            Ryan Goodland

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on September 22, 2025, on all counsel of record by electronic filing.

                                            */s/ Ryan Goodland*
                                            Ryan Goodland