IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH BOND, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

BLUE WATER CAPITAL LLC d/b/a
FLEETSMARTS,

    Defendant.

Civil Action No.
1:24-cv-01612-VMC

## ORDER

Before the Court are the following motions:

- Defendant Blue Water Capital LLC d/b/a Fleetsmarts's ("FleetSmarts") Renewed Motion to Dismiss or, in the Alternative, Motion to Bifurcate (Doc. 23); and

- FleetSmarts's 12(b)(1) Motion to Dismiss for Lack of Standing (Doc. 24).

For the reasons that follow, the Court enters the following order.

## Discussion

The Court has already set forth in its prior Order the applicable factual

background and legal standard applicable to FleetSmarts's request for dismissal

based on insufficient personal jurisdiction. (Doc. 20). This Order focuses only on

the factual development that took place during jurisdictional discovery, and

centers on the parties' dispute regarding personal jurisdiction, as it is ultimately

dispositive.[1]

As the Court previously recounted, Mr. Bond must show FleetSmart's

conduct has met one of the bases set forth in Georgia's long-arm statute for this

Court to exercise personal jurisdiction over it. The Court cited the following three

bases as most on point:

> A court of this state may exercise personal jurisdiction over any non-resident . . . as to a cause of action arising from any acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; . . . .

---

[1] Because standing and personal jurisdiction are both jurisdictional issues, the Court need not address FleetSmarts's alternative motion to dismiss on standing grounds. "[T]here is no mandatory sequencing of jurisdictional issues." *United States v. Amodeo*, 916 F.3d 967, 974 (11th Cir. 2019) (Rosenbaum, J., concurring) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)). But it strikes the Court that if the parties disagree as to whether this litigation was properly disclosed to the bankruptcy court, the question is best left to that court to decide.

O.C.G.A. § 9-10-91.

But the Court recognized that "[f]or purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that—when a defendant uses the telephone or email to contact a Georgia resident—defendant's conduct occurs at the place where defendant speaks into the telephone or types and sends his email." *LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 844–45 (11th Cir. 2013) (citing *Anderson v. Deas*, 632 S.E.2d 682, 683 (Ga. Ct. App. 2006)). This meant that Mr. Bond could not rely on subsection (2), the "commits a tortious act within this state" prong of the statute. *Id.; accord L. Offs. of Shimshon Wexler, P.C. v. AICOM Sols. LLC*, No. 1:17-CV-1084-MHC, 2017 WL 5047903, at *3 (N.D. Ga. Oct. 30, 2017).

"Thus," the Court wrote, "Mr. Bond must proceed under subsection (1), transacts any business in state; or subjection (3), causes a tortious injury plus regular or persistent conduct or substantial revenue in state." (Doc. 20 at 8). For the first basis for jurisdiction, the Court noted the record was unclear as to "whether Fleetsmarts's general marketing efforts target Georgia, because a single knowing contact with Georgia is not enough" under Georgia law. *Risper v. Mountain Run Sols., LLC*, No. 3:20-cv-00209-TCB-RGV, 2021 WL 7708393, at *5 (N.D. Ga. Nov. 24, 2021) ("While even a minimal number of communications may provide a basis to exercise personal jurisdiction under Georgia's long-arm statute, . . . 'Georgia courts can only exercise personal jurisdiction under the transacting

3

business provision if the nonresident's conduct was either directed at or occurred in Georgia.'"), *report and recommendation adopted*, 2021 WL 7708538 (N.D. Ga. Dec. 10, 2021). The Court likewise held the record was inconclusive as to the third basis, because FleetSmarts's declaration did not indicate whether it derives substantial revenue from Georgia or pays taxes in Georgia.

Upon reviewing the parties' supplemental briefs and the undisputed facts arising from jurisdictional discovery, the Court now concludes that Mr. Bond has not met his burden of proof for establishing personal jurisdiction. First, the Court agrees with FleetSmarts that Mr. Bond has not shown that it purposely availed itself of Georgia or specifically directed its efforts at Georgia, because the undisputed evidence is that "FleetSmarts' marketing efforts 'were not targeted nor restricted to any particular state'" but instead "'targeted the nation as a whole.'" (Doc. 33 at 2–3) (quoting Doc. 30). *See Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2025 WL 1932750, at *8 (N.D. Ga. July 14, 2025) ("Participation in a nationwide advertising campaign does not constitute transacting business in Georgia or targeting Georgia residents."), *appeal docketed* No. 25-12637 (11th Cir. Aug 4, 2025).

Second, Mr. Bond has not shown that FleetSmarts derives substantial revenue in Georgia.[2] Mr. Bond acknowledges Georgia accounts for less than one percent of FleetSmarts' revenue, (Doc. 30 at 2), which is not sufficient for a showing that FleetSmarts "derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). *See Sterling Currency Grp. LLC v. Maurer*, No. 1:12-CV-03022-RWS, 2013 WL 4011063, at *11 (N.D. Ga. Aug. 5, 2013) ("The revenue received by James Maurer LLC for the fourteen books sold to Georgia residents was less than 1% of total revenue. This is not sufficient to meet the substantial revenue requirement.").

Finally, the additional arguments Mr. Bond makes in his response do not establish personal jurisdiction. Mr. Bond argues that FleetSmarts filed 149 UCC liens in Georgia, but he points to no case law accepting this argument. (Doc. 30 at 7).

## Conclusion

For the above reasons, it is

**ORDERED** that Defendant Blue Water Capital LLC d/b/a Fleetsmarts's Renewed Motion to Dismiss or, in the Alternative, Motion to Bifurcate (Doc. 23) is **GRANTED IN PART** as to personal jurisdiction. It is

---

[2] Mr. Bond also does not contend that FleetSmarts pays taxes in Georgia, which is another relevant factor under the long-arm statute, as the Court explained in its prior Order.

6

**FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over Defendant. All other motions are denied as moot. The Clerk is directed to close the case.

**SO ORDERED** this 23rd  day of February, 2026.

Victoria Marie Calvert
United States District Judge